**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **WALBERTO HERNÁNDEZ REYES,** personally and on behalf of other persons similarly situated<br><br>Plaintiff<br><br>**v.**<br><br>**ARCOS DORADOS PUERTO RICO, LLC**<br><br>Defendant | **CIVIL NO. 3:23-cv-01263-MAJ-BJM** |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Walberto Hernández Reyes, through the undersigned counsel and respectfully states and prays as follows:

## I. INTRODUCTION

Under the Americans with Disabilities Act (ADA), the promise of equal access to public accommodations remains an essential pillar in ensuring that individuals with disabilities can fully participate in society. This case stands as a testament to the legal knowledge, unwavering dedication, and specialized expertise of the Plaintiff's attorney, who has skillfully navigated the intricate landscape of ADA compliance and litigation to achieve meaningful change.

The journey toward achieving accessible restaurants required not only a deep understanding of ADA standards but also a meticulous strategy to address the

unique challenges posed by numerous McDonald's locations across Puerto Rico. The Defendant's reluctance to implement accessible modifications without litigation increased the complexity of the case, demanding exceptional efforts to overcome systemic violations. The attorney's specialized experience was indispensable in overcoming these obstacles and achieving a result that will benefit both the Plaintiff and the broader community of individuals with disabilities.

This motion seeks fair compensation for the time and resources invested in this litigation, which culminated in significant injunctive relief. The legal work required to bring about these transformative changes was far from routine; it involved extensive research, detailed document drafting, strategic negotiations, and a concerted effort to ensure that every aspect of ADA compliance was addressed.

In considering this motion for attorney's fees, it is essential to recognize not only the hours invested but also the far-reaching impact of the work performed. This case is not just a victory for one individual, but a significant advancement for the rights of individuals with disabilities in Puerto Rico, ensuring that commercial establishments comply with the accessibility standards mandated by law. By granting this motion, the Court will affirm the importance of vigorous advocacy for ADA compliance and support the essential role that private enforcement plays in achieving the ADA's vision of an inclusive society.

## II. ARGUMENT

### A. THE PLAINTIFFS' ATTORNEY'S FEES ARE REASONABLE AND WELL SUPPORTED

The Plaintiffs' attorney brings specialized expertise in complex ADA-related litigation, having handled over 400 cases concerning access for individuals with disabilities. This extensive experience has resulted in detailed knowledge of the ADA and specialized litigation tactics necessary for these matters, such expertise is rare and directly contributed to the successful outcome of this case.[1]

Recent precedents in the District of Puerto Rico support the requested $250 hourly rate. In Skytec, Inc. v. Logistic Sys., Inc., 2019 WL 1271459 (D.P.R. Mar. 15, 2019), amended on reconsideration, 2019 WL 2246775, *2 (D.P.R. May 23, 2019), the court found that experienced attorneys command $250 to $300 per hour. These figures, based on a March 2019 decision, have *not* been adjusted for inflation and would translate to approximately $310 in September 2024.[2]

This case presented unique challenges due to the defendant's position regarding ADA compliance concerning accessible modifications in restaurants, including accessible routes, ramps, handicapped parking spaces, and accessible tables. The intricate nature of the legal issues required a deep understanding and application of ADA regulations, as well as negotiations to improve accessibility conditions in the restaurants involved in the litigation, which added complexity and time required for effective representation.

With this, the plaintiff's attorney has successfully demonstrated that the proposed hourly rate is in line with what has been recognized for other legal

[1] See Exhibit 1, José Velez Declaration.
[2] https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=250.00&year1=201903&year2=202409

professionals whose skills, experience, and reputation are comparable to those of the undersigned in ADA-related litigation.

Furthermore, given the complexity of this type of litigation, it is highly likely that without the timely intervention and specialized expertise of the plaintiff's attorney in handling legal matters related to the ADA, considering increasingly relevant standards, it would not have been possible to advance this case in a manner favorable to the client's interests.

**i. The hours invested by the attorney in the case are reasonable.**

Plaintiff's attorney seeks compensation for 46.7 hours, which have already been reduced based on careful billing judgment to remove any inefficient, duplicative, or excessive time. See *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 297 (1st Cir. 2001). The submitted billing records serve as prima facie evidence that the requested hours are reasonable, as established in *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).

The extensive time invested was essential due to the complexity of the case, the Defendant's reluctance to comply with the ADA without litigation, and the significant relief obtained, which compels the defendant to make its facilities accessible. All compensable time was productively spent to achieve an excellent result for the plaintiff and should be fully compensated, as supported by *Hensley,* 461 U.S. at 435.

The invoice meticulously details each time entry, with precise descriptions of the activities performed, including legal research, document drafting, and client

communications. This comprehensive documentation reflects the high level of detail and significant amount of work dedicated to the case, fully justifying the request for legal fees.

The transparency in billing and adherence to standard legal practices ensure that every billed hour was necessary and relevant to the advancement of the case, reinforcing the justification for the requested fees. The hours included encompass extensive research, detailed document drafting, ongoing meetings and communications with the client, court filings and appearances, as well as thorough document review and management. Each of these activities is essential for the effective preparation and litigation of the case, ensuring high-quality legal representation and a robust defense of the client's interests.

**ii. Impact of consolidation on the hours invested in the case**

In addition to the previously presented arguments, it is important to highlight that this case was consolidated with another related case, *Faustino Betancourt Colón v. Arcos Dorados Puerto Rico LLC, Case No. 23-1263*. This consolidation was requested because both cases involve similar allegations under the ADA, including several McDonald's restaurant locations, among them the Naranjito restaurant, which is also the subject of the present litigation.

The consolidation added an additional layer of complexity to the management and resolution of the case, requiring greater coordination and strategic planning by Plaintiff's counsel in order to reach a comprehensive agreement addressing the necessary modifications at the relevant restaurant facilities. This, in turn, justifies

the time and resources invested in the representation, as well as the reasonableness of the fees requested.

The consolidation of both cases demonstrates the need for a broader and more detailed approach that not only addresses the specificities of a single restaurant but seeks a structural solution to ensure ADA compliance at multiple establishments. Therefore, the hours worked by Plaintiff's counsel were not only reasonable but necessary to achieve a favorable resolution in the case.

**B. FACTORS JUSTIFYING THE VALUE OF THE PROPOSED RATE**

The requested hourly rate of $250 for the plaintiff's attorney fees is fair, reasonable, and well-supported, accurately reflecting the complexity and scope of the work involved in this case. The defendant incorrectly claims that the proposed rate was $350; however, in an effort to facilitate a resolution beneficial to both parties, and given the case consolidation, a rate of $250 was proposed. This rate is appropriate in light of the case's complexity, which included addressing new allegations, conducting additional assessments, and filing a new claim addressing unique issues within the consolidated litigation context.

Contrary to the defendant's assertions, the plaintiff's attorney played a critical role in drafting and revising the Consent Decree, ensuring a balanced and effective agreement. The plaintiff's attorney's active involvement was essential in coordinating communications between the parties, reviewing and refining the language of the document to ensure its acceptability to both sides and adherence to ADA requirements. Without the attorney's collaboration and expertise, the Consent

Decree—which was ultimately accepted by this honorable court—would not have been achieved, thereby avoiding extended litigation and reducing the resource expenditure required from both parties.

Additionally, it is important to highlight that the defendant at no point raised any objection to the total hours invested in the case. While the defendant now seeks to downplay the effort and time required, it had already acknowledged the reasonableness of the hours reported in the invoice, thereby recognizing the extensive participation and consistent cooperation of the plaintiff's attorney in bringing this matter to a successful resolution. This attempt to downplay the value of the work performed contradicts the defendant's initial stance and lacks a factual basis.

The defendant's arguments regarding a rate of $350 are irrelevant in this context. At the time the defendant filed its opposition to the motion for fees, there was no genuine dispute over the hourly rate, as the $350 figure was never officially proposed. The defendant's reference to this figure distracts from the actual requested rate and the substantive work performed, making its opposition inappropriate. Consequently, such arguments should be disregarded, as they do not align with the procedural truth evidenced by the documentation on record; when the defendant submitted its opposition, this Honorable Court had no knowledge of the plaintiff's proposed rate.

Regarding the precedents cited by the defendant, the cases of *Betancourt-Colón v. Acoba Realty Dev. Inc*. No. CV 20-1424 (CVR), 2024 WL 3063391, at *2 (D.P.R.

2024), and *Betancourt-Colón v. Supermercados Máximo, Inc*. No. CV 22-1274 (GMM), are inapplicable here. In both rulings, the court found the litigation in question lacked substantial complexity due to the repetitive nature of the claims and the plaintiff's attorney's experience in similar cases involving the same defendants, legal arguments, and strategies. However, this case is materially distinct, involving new, more complex issues of ADA compliance specific to restaurant settings, including structural modifications and detailed negotiations aimed at improving accessibility.

The consolidation of cases, combined with the unique circumstances of each establishment, required a comprehensive approach to ensure compliance across multiple locations, representing a complexity not present in the cases cited. This case cannot be treated as routine litigation, given that its nature and scope demanded specialized skills and strategies highly relevant to ADA matters.

It cannot be overlooked that the Consent Decree marks a significant achievement for accessibility in Puerto Rico for people with disabilities. The defendant's ADA violations were systematic across each of its establishments, putting it in direct violation of federal law. Without this private enforcement action, driven by the plaintiff's attorney's expertise, such a landmark victory benefiting the broader community in its fight for inclusivity for people with disabilities would not have been possible.

Thus, the requested rate of $250 per hour is entirely reasonable and fully justified, considering the plaintiff's attorney's experience and skill in complex ADA

litigation and the concrete and tangible benefits achieved in this case, not only for the plaintiff but also for Puerto Rico's disabled community. This rate reflects the effort, dedication, and positive impact this representation has had on public access and the promotion of ADA compliance, ensuring that the decisions reached here will set a precedent and encourage improvements in accessibility in commercial establishments.

The proposed hourly rate of $250 is reasonable due to the exceptional circumstances surrounding this case. This rate is not only justified but essential to adequately compensate the attorney for the skill, dedication, and extraordinary impact demonstrated throughout this landmark litigation.

**i. Unparalleled expertise in a niche field**

The rarity of specialized experience in Title III ADA litigation involving accessibility systems in restaurants cannot be overstated. The attorney's experience in this area is not only valuable but practically irreplaceable. This case required a detailed understanding of the interplay between federal ADA requirements and local accessibility regulations in commercial establishments. This unique expertise was key to successfully navigating the complex legal landscape, overcoming numerous challenges, and ultimately securing a favorable outcome that will improve accessibility standards in the restaurants involved.

**ii. Exceptional complexity and novelty**

This case presented unprecedented challenges that required the attorney to explore new legal territories. The litigation involved complex issues of ADA

compliance in the infrastructure of restaurants, as well as the negotiation of a comprehensive remediation plan covering accessibility modifications such as ramps, parking, bathrooms, and accessible tables. These challenges demanded not only legal expertise but also a deep understanding of ADA requirements and the practical realities of implementing large-scale accessibility improvements. The novelty of these issues required extensive research, innovative legal strategies, and skillful negotiations to achieve tangible results that reflect compliance with the ADA.

**iii. Significant risk assumed**

The attorney took on this representation on a purely contingent basis, assuming substantial financial risk. The precarious nature of fee recovery in ADA litigation is well documented, as demonstrated by cases where, despite ADA violations being found, attorney's fees were denied. This risk was amplified by the scope and complexity of the case, the resources of the opposing party, and the potential for protracted litigation. The willingness to assume this risk, investing significant time and resources without any guarantee of compensation, warrants recognition through an upward adjustment. The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, i.e., a presumptively reasonable fee award. Lipsett v. Blanco, 975 F.2d 934,

937 (1st Cir. 1992) (citation omitted). **The court may then make upward or downward adjustments to account for special circumstances.** Pérez-Sosa, 22 F.4th at 321 (citations omitted).

**iv. Far-Reaching impact and public benefit**

The impact of this case extends beyond the immediate plaintiffs, benefiting the broader community of individuals with disabilities in the restaurants in question and potentially in other commercial establishments throughout Puerto Rico. The changes to be implemented in the restaurants will improve the daily lives of many individuals, promoting greater independence and equitable participation in public life. This case sets a precedent that will likely influence accessibility standards in other commercial establishments in Puerto Rico.

**v. Promotion of ADA Enforcement**

A full award of attorney's fees serves a critical public policy function. It not only fairly compensates the attorney for exceptional services rendered but also acts as a deterrent against future ADA violations. This award would encourage proactive measures to ensure accessibility in other establishments and commercial entities, reinforcing the importance of private enforcement actions in achieving the ADA's goals.

**vii. Unprecedented results achieved**

The results achieved in this case represent a decisive moment in Title III ADA litigation in Puerto Rico. The defendant has committed to taking concrete and far-reaching actions to address and eliminate ADA accessibility violations in the

facilities of its restaurants. These exceptional results justify an extraordinary fee award.

**viii. Undesirable nature of the case**

ADA Title III access cases can be considered undesirable due to the lack of monetary damages and the public perception of the burden they impose on public accommodations. As a result, few attorneys, if any, regularly file such actions, leading to non-compliance despite Congress's clear intent to encourage private enforcement of the law. Moreover, if a case becomes moot, attorney's fees or costs cannot be recovered. *Suárez Torres v. Panadería y Repostería España, Inc.*, 988 F.3d 542 (1st Cir. 2021) (even though ADA violations were found to be real and the plaintiffs were disabled, the court did not award attorney's fees). See also *Medina Rodríguez v. Canóvanas Plaza Rial,* Civil No. 17-1943 (BJM) (D.P.R. September 30, 2021) (similar). Unlike the present case, which, as mentioned, is a landmark ADA case in Puerto Rico.

In light of the attorney's specialized experience, the existing legal precedents supporting the proposed rate, and the complexity of the present litigation, which has marked a turning point in ADA Title III cases in Puerto Rico, the $250 hourly rate is reasonable, and the granting of the requested fees is fully justified.

## III. CONCLUSION

For the reasons stated above, an upward adjustment of the attorney's fees is warranted, consistent with First Circuit precedent recognize adjustments when specialized expertise, exceptional results, or a significant public impact are evident.

In this case, the attorney’s role was essential in achieving a landmark outcome for ADA compliance at McDonald's locations across Puerto Rico, benefiting not only the Plaintiff but the wider community of individuals with disabilities.

The complex nature of this litigation, combined with the attorney’s contingent fee arrangement and substantial financial risk assumed, underscore the need for fair compensation. The rate of $250 per hour reflects the attorney's unique qualifications and the substantial impact of the outcome on ADA Title III enforcement. As such, Plaintiff respectfully requests that this Honorable Court grant the motion and award the full amount of fees, costs, and expenses as detailed above.

Plaintiff's attorney has demonstrated that the requested fees are both reasonable and justified by the circumstances of this case. The proposed hourly rate of $250 is supported by the attorney's extensive experience in ADA-related litigation, the complexity of the issues involved, and the significant results achieved.

The hours invested in this case were meticulously recorded and reduced to eliminate any inefficiency, duplication, or excess, as reflected in the detailed billing records. These records show the considerable time and effort necessary to achieve an important outcome that will benefit both the Plaintiff and a broader population of individuals with disabilities. Additionally, the consolidation of this case with another related action increased the complexity of the legal work and further justifies the time and resources dedicated to achieving a favorable outcome.

The $250 hourly rate, supported by recent precedents in the District of Puerto Rico, is not only reasonable but essential to fairly compensate the attorney for the significant risks assumed, the extraordinary time invested, and the monumental impact of the litigation. The results obtained in this case represent a decisive victory for the rights of individuals with disabilities and underscore the importance of private enforcement in advancing the ADA's vision of full participation and equal opportunities.

For these reasons, the Plaintiff's attorney respectfully requests that this Honorable Court grant the motion and award the full amount of the requested fees, recognizing both the necessity and reasonableness of the work performed to achieve the transformative changes at the heart of this litigation.

**WHEREFORE**, In light of the foregoing, the Plaintiff respectfully requests that this Honorable Court grant their motion and award attorney's fees, costs, and litigation expenses as follows:

1. An award of attorney's fees in the amount of $16,662.50 for 66.8 hours of work at a base rate of $250.00 per hour.
2. Reimbursement of $155 for filing fee and service of process.

**WE HEREBY CERTIFY** that on this date, we have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED.**

**Dated:** November 4, 2024.

**VELEZ LAW GROUP LLC**
*Civil Rights Division*

s/José Carlos Vélez Colón
Lic. José C. Vélez Colón
USDC-PR 231014

RR 18 BOX 1390 #311
San Juan, PR 00926-9821

Email.: vlg@velezlawgroup.com
Tel.: (787)-422-1881

***ATTORNEY FOR PLAINTIFF***